IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHUKUN TIEN,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **NO. 13-705** |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2013, upon consideration of Defendant Police Officers Reynolds, Liciardello, Spicer, Speiser and Jackson's Motion to Dismiss Plaintiff's First Amended Complaint and Plaintiff's response thereto, it is hereby **ORDERED and DECREED** that said Motion is **GRANTED.**

It is further **ORDERED and DECREED** that all Federal and State Law Claims asserted against Defendant Police Officers Reynolds, Liciardello, Spicer, Speiser and Jackson are dismissed with prejudice.

_____

Dalzell, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHUKUN TIEN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 13-705 |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT POLICE OFFICERS REYNOLDS, LICIARDELLO, SPICER, SPEISER AND JACKSON'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Police Officers Reynolds, Liciardello, Spicer, Speiser and Jackson, by and through her undersigned counsel, Archer & Greiner, P.C., hereby files this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The following is averred:

1. The moving parties hereby incorporate by reference the attached Brief in Support of their Motion to Dismiss as though fully set forth at length.

WHEREFORE, Defendant Police Officers Reynolds, Liciardello, Spicer, Speiser and Jackson hereby request this Court to grant the instant Motion.

Dated:  May 1, 2013

        Respectfully submitted,

        ARCHER & GREINER
        A Professional Corporation

        By: ___*/s/ Jeffrey M. Scott*___
        Jeffrey M. Scott, Esquire
        jscott@archerlaw.com

        ONE LIBERTY PLACE
        THIRTY-SECOND FLOOR
        1650 Market Street
        Philadelphia, Pennsylvania  19103-7393
        Telephone:     (215) 963-3300
        Facsimile:     (215) 963-9999
        Attorneys for Defendant Police Officers
        Reynolds, Liciardello, Spicer, Speiser and
        Jackson

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHUKUN TIEN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 13-705 |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT POLICE OFFICERS REYNOLDS, LICIARDELLO, SPICER, SPEISER AND JACKSON'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I.   **INTRODUCTION**

This is a purported claim under 42 U.S.C. § 1983 with supplemental state law claims. The Plaintiff's complaint, however, contains no facts which give rise to a claim for false arrest, excessive force, malicious prosecution or any actionable claim. A fair reading of the Plaintiff's Complaint establishes these facts: (1) Officer Jackson was inside 2256 Tyson Avenue pursuant to a valid search warrant; and (2) Officer Jackson observed the Plaintiff engage in criminal activity for which Plaintiff was arrested. As will be more fully discussed below, Plaintiff's First Amended Complaint should be dismissed in its entirety.

II.   **STATEMENT OF FACTS**

These facts are taken from Plaintiff's First Amended Complaint. On or about January 17, 2012, the individual defendants, officers of the Narcotics Field Unit, executed a search warrant on 2256 Tyson Avenue. (First Amended Complaint at ¶ 13, attached hereto as Exhibit A.) While executing the warrant, Defendant, P.O. Jackson, claims that he observed Plaintiff bent over the

toilet in the second floor bathroom flushing marijuana and ripped up pieces of paper, alleged tally sheets, along with urine. (*Id.* at ¶ 14.)  Defendant, P.O. Jackson, did not recover any evidence that supports his claims. (*Id.* at ¶ 15.)   Although defendants arrested Plaintiff, she was not charged with tampering with physical evidence.  (*Id.* at ¶ 16.)   Instead, she was charged with Manufacture, Delivery or Possession with Intent to Deliver a Controlled Substance, conspiracy to commit same and other related charges. (*Id.* at ¶ 17.)  "Based upon the charges and the defendants' allegations, Plaintiff's bail was originally set at 1.5 million dollars despite the fact that she has no prior criminal record." (*Id.* at ¶ 18.)

Plaintiff alleges that on December 3, 2012, Philadelphia District Attorney R. Seth Williams informed Commissioner Charles Ramsey that "the Philadelphia District Attorney's Office will no longer be using the following officers as witnesses in narcotics cases:

> Police Officer Thomas Liciardello
> Police Officer Brian Reynolds
> Police Officer John Speiser
> Police Officer Michael Spicer
> Police Officer Perry Betts
> Lieutenant Robert Otto

*Id.* at ¶ 20.)   Plaintiff further alleges that the "Philadelphia District Attorney's Office will no longer accept any narcotics cases for charging when any of these police officers is a necessary witness; [and] will no longer approve any search or arrest warrants on narcotics cases when any of these officers is the affiant, nor if the probable cause portion of the warrant contains any averments from any of these officers." (*Id.* at ¶ 20.)   Plaintiff further alleges that Officer Reynolds was the affiant on the search warrant in the underlying criminal case. (*Id.* at ¶ 22.)

On December 12, 2012, the Commonwealth moved to withdraw the charges. (Complaint at ¶ 23.) Plaintiff was incarcerated from January 18, 2012, until December 13, 2012. (Complaint at ¶ 24.)

## III.     PLAINTIFF'S CLAIMS MUST BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  On a motion to dismiss, the Court generally must accept as true all of the factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff.  *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 134 (3d Cir. 2004); *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001).  However, the Court need not credit bald assertions or legal conclusions alleged in the complaint.  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Federal Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. Pa. 2012).  For over fifty years, courts had used the "no set of facts" pleading standard, established in *Conley v. Gibson*, to judge whether a complaint can

survive a motion to dismiss. The "no set of facts" pleading standard has been abolished and a plaintiff is no longer able to just set forth "threadbare recitals of the elements of a cause of action to defeat a motion to dismiss." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3rd Cir. 2009).

Since *Twombly* and *Iqbal*, "[p]leading standards have … shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Id.* After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 210 (*citing Iqbal*, 556 U.S. at 678). To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible in all types of civil actions. *Id.* at 684-85.

When evaluating a complaint under the plausibility standard, the district court should use a "two-pronged approach." Initially, the district court should eliminate any allegations in the complaint that are merely legal conclusions. The second step requires the district court to examine the well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* When conducting this two-pronged analysis, district court judges may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* at 682 (*quoting Twombly*, 550 U.S. at 567).

4

In the case at bar, Plaintiff's complaint fails to meet the pleading standards on several grounds, as will be more fully discussed below. For the reasons that follow, the moving parties respectfully request this Court to dismiss all claims.

## IV.     ARGUMENT

### A. All Federal And State Law Claims Asserted Against Defendants Reynolds, Liciardello, Spicer And Speiser Should Be Dismissed For Failure To Plead A Cause Of Action.

Federal Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. Pa. 2012). The Plaintiff's complaint fails to allege any facts against Officers Reynolds, Liciardello, Spicer and Speiser that plausibly give rise to an entitlement to relief against these Police Officers. As such, all claims asserted against Officers Reynolds, Liciardello, Spicer and Speiser must be dismissed with prejudice.

### B. All Federal Claims Asserted Against Defendants Reynolds, Liciardello, Spicer, Speiser and Jackson Should Be Dismissed Under The Qualified Immunity Doctrine.

The doctrine of qualified immunity insulates government officials who are performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). The Supreme Court has established a two-part analysis that governs whether an official is entitled to qualified immunity. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001). The

Court asks two questions under this analysis: (1) whether the facts alleged by the plaintiff show the violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the alleged misconduct. *Id.*; Kelly *v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010). Courts may address the two *Saucier* prongs in any order, at their discretion. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If the plaintiff fails to satisfy either prong, the defendant is entitled to judgment as a matter of law.

### 1. False Arrest under 42 U.S.C. § 1983

Under the first prong of the qualified immunity test, this Court must examine whether Plaintiff's Fourth Amendment rights were violated. The Fourth Amendment provides as follows: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV.

The Supreme Court has defined probable cause as "facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'" *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 13 L. Ed. 2d 142 (1964)). While "[p]robable cause to arrest requires more than mere suspicion; . . . it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995). This Court has held that we must apply a "common sense approach," based on the totality of the circumstances, to determine whether there was probable cause to arrest. *Paff v. Kaltenbach*, 204 F.3d 425, 436 (3d Cir. 2000).

In determining whether an officer had probable cause for an arrest, a court, in reviewing the totality of the circumstances, must "examine the events leading up to the arrest, and then decide 'whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003) (quoting Ornelas *v. United States*, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996)). *O'Connor v. City of Philadelphia*, 233 Fed. Appx. 161, 164 (3d Cir. Pa. 2007); *Wright v. City of Philadelphia*, 409 F.3d 595, 604 (3d Cir. 2005) ("To prevail on [a malicious prosecution] claim [under § 1983], [the plaintiff] must show that the officers lacked probable cause to arrest [him].").[1]

In the case at bar, Plaintiff alleges that (1) Officer Jackson was inside 2256 Tyson Avenue pursuant to a lawful search warrant; and (2) Officer Jackson observed the Plaintiff engage in criminal activity. (Complaint at ¶¶ 13-14.)  Under the facts of the case as set forth in Plaintiff's first amended complaint, Defendant Jackson had probable cause to arrest the Plaintiff. As such, Defendant Jackson [and Officers Reynolds[2], Liciardello, Spicer and Speiser] is/are immune from suit under the doctrine of qualified immunity.  *James v. City of Wilkes-Barre*, 700

---

[1] When making an arrest, "[t]he arresting officer need not have contemplated the specific offense for which the defendant ultimately will be charged," the officer must have "reasonably trustworthy information or circumstances within an arresting officer's knowledge . . . to warrant a person of reasonable caution to conclude that an offense has been or is being committed by the person being arrested." *United States v. Laville*, 480 F.3d 187, 194 (3d Cir. 2007).  Where a police officer makes an arrest on the basis of oral statements by fellow officers, an officer will be entitled to qualified immunity from liability in a civil rights suit for unlawful arrest provided it was objectively reasonable for him to believe, on the basis of the statements, that probable cause for the arrest existed." *Rogers v. Powell,* 120 F.3d 446, 455 (3d Cir. 1997).

[2] Plaintiff alleges that because Officer Reynolds was the affiant on the warrant, Officer Jackson's arrest was *de facto* unlawful. (*Id.* at ¶¶ 20-22.)  Plaintiff, however, has alleged no facts which demonstrate that Officer Reynolds knowingly and deliberately made false statements or omissions on the affidavit of probable cause.  As such, Officer Reynolds is immune from suit under the doctrine of qualified immunity, *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000), and Officer Jackson was permitted to rely on the validity of the warrant. *Rogers v. Powell,* 120 F.3d 446, 455 (3d Cir. 1997).

F.3d 675, 679 (3d Cir. 2012) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Moreover, under the facts alleged, no reasonable police officer would believe that arresting the Plaintiff was a violation of the Plaintiff's Fourth Amendment rights. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).

### 2. Malicious Prosecution under 42 U.S.C. § 1983 and Pennsylvania Law

To the extent that Count I of Plaintiff's Complaint can be read as asserting a malicious prosecution claim pursuant to 42 U.S.C. §1983, that claim also fails. The elements of a federal claim are: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Kossler v. Crisanti,* 564 F.3d 181, 186 (3d Cir. 2009). Accordingly, in order to prevail on a federal malicious prosecution claim, Plaintiff must plead that the underlying proceedings ended in his favor. *See Kossler,* 564 F.3d at 186; *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002). *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002). The first four elements of a malicious prosecution claim under §1983 are the same as Pennsylvania law. *Merkle v. Upper Dublin School Dist.,* 211 F.3d 782, 791 (3d Cir. 2000).

Plaintiff's malicious prosecution claim must be dismissed because the underlying proceedings did not conclude in Plaintiff's favor. A favorable prior termination is a threshold issue in a malicious prosecution claim. *Kossler v. Cirsanti,* 564 F.3d 181, 187 (3d Cir. 2009); *accord Junod v. Bader,* 312 Pa. Super. 92, 95 (Pa. Super. 1983). "Indecisive terminations of the

8

underlying action" do not establish a sufficient favorable termination. *See Junod,* 312 Pa. Super. at 96. If the court or prosecutor *nolle prosses*, dismisses or drops charges the record may not clearly reflect whether the termination was consistent with the innocence of the accused or a reflection of some policy or decision unrelated to the accused's commission of the particular crime. *See id.*

In the case at bar, plaintiff alleges that the criminal charges were withdrawn due to a policy of the Philadelphia District Attorney. This policy was not to use Officer Reynolds [and others] in narcotics cases. (*Id.* at ¶ 20.) Because the Plaintiff has failed to allege that the dismissal of the plaintiff's criminal case was related to the facts of plaintiff's arrest, there are insufficient facts that give rise to a plausible claim for malicious prosecution under both state and federal law. Moreover, no reasonable police officer (Officer Jackson) would believe that a post-arrest decision by a prosecutor-- not to call other witness (e.g., Officer Reynolds) -- in other non-related narcotics cases, would give rise to a claim for malicious prosecution under the Fourth Amendment. Therefore, all Defendants are immune from suit under the doctrine of qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

### 3. Excessive Force under 42 U.S.C. § 1983

A plaintiff will prevail on an excessive force claim if he demonstrates that: (1) a seizure occurred; and (2) the seizure was unreasonable under the circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 599, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989); *Lamont v. New Jersey*, 637 F.3d 177, 182- 83 (3d Cir. 2011). "As in other Fourth Amendment contexts, however, the 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*,

490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' . . . requires . . . careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Brown v. Cwynar*, No. 11-1948, 2012 U.S. App. LEXIS 11466, 2012 WL 2045764, at *3 (3d Cir. June 7, 2012) (quoting Graham, 490 U.S. at 396).

In evaluating reasonableness, the Court must consider the fact that "police officers are often forced to make split-second judgments --in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 397. Thus, "[t]he reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene; Monday morning quarterbacking is not allowed." *Lamont*, 637 F.3d at 183 (citation omitted) (internal quotation marks omitted); see also *Carswell v. Bor. of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004) ("Reasonableness is to be evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.")

In the case at bar, there are absolutely no facts which give to any allegation that Officers Reynolds, Liciardello, Spicer and Speiser even placed their hands on the Plaintiff. The facts, as plead, are devoid of any allegation that could give rise to a claim of unreasonable force. As such, Officers Reynolds, Liciardello, Spicer, Speiser and Officer Jackson are immune from suit under the doctrine of qualified immunity. *Carswell v. Bor. of Homestead*, 381 F.3d 235, 240 (3d Cir. 2004) ("Reasonableness is to be evaluated from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.")

10

### C. All State Law Claims Asserted Against Defendants Jackson, Reynolds, Liciardello, Spicer and Speiser Should be Dismissed Pursuant to the Political Subdivision Tort Claims Act (PSTCA).

The PSTCA provides blanket immunity to local agencies and its employees. 42 Pa. C.S. § 8545; *Diaz v. Houck,* 159 Pa. Commw. 274, 283 (Pa. Commw. Ct. 1993). This broad immunity is abrogated only if the following three elements are present: (i) the damages sought are recoverable under common law or statute; (ii) the injury was caused by the negligent acts of the agency or employee; and (iii) the injury occurs as a result of an act which falls within one of eight (8) categories. 42 Pa. C.S. § 8542(a)-(b) (2007). The eight categories are: (1) the operation of motor vehicles, (2) the care, custody or control of personal property, (3) the care, custody or control of real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) the care, custody or control of animals. 42 Pa. C.S. § 8542(b). Notably, the PTSCA specifically states that "negligent acts … shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 Pa. C.S. § 8542(a).

The Plaintiff's state law claims for false arrest and false imprisonment (Count IV), assault and battery (Count III), Intentional Infliction of Emotional Distress (Count VI), and malicious prosecution (Count VII) are grounded in intentional torts. Because Plaintiff fails to meet the second requirement of the PSTCA, that his claimed damages are the result of negligence, the moving Defendants are immune from suit under the PSTCA.

The General Assembly, however, has waived immunity for employees of local agencies in exceptional circumstances. Pursuant to § 8550 of the PSTCA, employees of local agencies, like the Moving Defendants, are not entitled to immunity, if and only if, there is a judicial determination that "the act of the employee caused the injury and that such act constituted a

11

crime, actual fraud, actual malice or willful misconduct."

>Section 8550 states:

>>In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

42. Pa. C.S. § 8550 (emphasis added).

Under Pennsylvania law, "willful misconduct" can only be found when the plaintiff proves that a municipal actor <u>subjectively intended</u> to do something he knew was wrongful. *Renk v. City of Pittsburgh,* 641 A.2d 289, 293-294 (Pa. 1994). Under these guidelines, plaintiff's state law claims must be dismissed.

The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention. An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not. *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (Pa. 1994). To establish liability on a theory of malicious prosecution, Plaintiff must establish that the Defendant Police Officers (1) instituted criminal proceedings against him, (2) without probable cause, (3) with malice, and (4) that the proceeding terminated in his favor. *Snyder v. Glass*, 2011 Phila. Ct. Com. Pl. LEXIS 203, 10-11 (Pa. C.P. 2011).

For the reasons set forth in Section III (B)(1), *supra*, Officer Jackson had probable cause to arrest the Plaintiff. (Complaint at ¶¶ 12-14.) Because Officer Jackson had probable cause to arrest the Plaintiff, Plaintiff's false arrest, false imprisonment and malicious prosecution claims

must be dismissed.  Under the facts as pled, Officer Jackson acted reasonably and therefore his individual actions cannot support a claim of willful misconduct. *Renk v. City of Pittsburgh,* 641 A.2d 289, 293-294 (Pa. 1994).   Plaintiff's assault and battery asserted against all Defendants should also be dismissed with prejudice.

In making a lawful arrest, a police officer may use such force as is necessary under the circumstances to effectuate the arrest.  The reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery. *Renk v. City of Pittsburgh*, 537 Pa. 68, 76 (Pa. 1994).  There are no **specific allegations** set forth in Plaintiff's complaint that demonstrate that any police officer used any degree of force for the specific purpose of causing harm or injury to the Plaintiff.  Under the facts alleged, Officer Jackson cannot be deemed to have engaged in willful misconduct.   *Renk v. City of Pittsburgh,* 641 A.2d 289, 293-294 (Pa. 1994).  Therefore, Plaintiff's assault and battery should also be dismissed.

## V. CONCLUSION

For all the reasons asserted herein, all Federal and State Law Claims asserted against Defendant Police Officers Reynolds, Liciardello, Spicer, Speiser and Jackson should be dismissed with prejudice.

Date: May 1, 2013

                                      Respectfully submitted,

                                      By:   */s/ Jeffrey M. Scott*
                                      Jeffrey M. Scott, Esquire
                                      jscott@archerlaw.com

                                      ONE LIBERTY PLACE
                                      THIRTY-SECOND FLOOR
                                      1650 Market Street
                                      Philadelphia, Pennsylvania  19103-7393
                                      Attorneys for Defendants Reynolds,
                                      Liciardello, Spicer, Speiser and Jackson

## **CERTIFICATE OF SERVICE**

It is hereby certified that Defendant Police Officers Reynolds, Liciardello, Spicer, Speiser and Jackson's Motion to Dismiss was electronically filed on the Court's ECF Website and is available for download and reviewing.

**L. KENNETH CHOTINER**
THE CHOTINER FIRM
1818 MARKET ST STE 3100A
PHILADELPHIA, PA 19103
215-564-6544
Email: lkc@thechotinerfirm.com

**ARMANDO BRIGANDI**
CITY OF PHILA. LAW DEPT OFFICE OF THE CITY SOLICITOR, CIVIL RIGHTS UNIT 1515 ARCH STREET., 14TH FLOOR
PHILADELPHIA, PA 19103 215-683-5391
Email: matthew.hubbard@phila.gov

**STEVEN J. SCHATZ, ESQUIRE**
MASTER WEINSTEIN SCHATZ MOYER, P.C.
ID No. 84509
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.561.2800

Date: May 1, 2013

Respectfully submitted,

ARCHER & GREINER
A Professional Corporation

By:  */s/ Jeffrey M. Scott*
Jeffrey M. Scott, Esquire
jscott@archerlaw.com

ONE LIBERTY PLACE
THIRTY-SECOND FLOOR
1650 Market Street
Philadelphia, Pennsylvania  19103-7393
Telephone:    (215) 963-3300
Facsimile:    (215) 963-9999
Attorneys for Defendants

9713151v1